## Commonwealth v. Ratcliffe

*James Welsh, Assistant District Attorney,* for Commonwealth.
*Nate Christe, Public Defender,* for defendant.

WALSH, *J.,* January 16, 1975—Defendant was indicted on charges of criminal mischief and conspiracy and tried before the undersigned without a jury. Defendant was found guilty on both counts. At argument on defendant's post-trial motions, defendant reasoned that his motion in arrest of judgment should be granted (among other reasons) because the Commonwealth failed to offer any evidence as to the amount of monetary damage.

The Commonwealth contends that evidence as to the amount of damage is relevant only for the purpose of grading, that if the other elements are proven the offense is reduced to a summary offense and therefore this defendant should receive a summary sentence in this court. The statute provides in part:

"(b) Criminal mischief is a felony of the third degree if the actor intentionally causes pecuniary loss in excess of $5,000 . . . It is a misdemeanor of the second degree if the actor intentionally causes pecuniary loss in excess of $1,000, or a misdemeanor of the third degree if he intentionally or recklessly causes pecuniary loss in excess of $500. Otherwise criminal mischief is a summary offense:" Act of December 6, 1972, P.L. 1068 (No. 334), 18 Pa. C.S.A. §3304(b).

The difficulty with the Commonwealth's position is that at no time has defendant been charged with the summary offense of criminal mischief before

the District Justice of the Peace, the issuing authority. This being so, there was no summary charge before the trial judge.

As to the conspiracy count, this too must fall because the Commonwealth has not met its burden of proving an agreement to damage tangible property in excess of $500.

### ORDER

And now, January 16, 1975, after argument, it is ordered that defendant's motion in arrest of judgment is granted.